IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TAREK KENTIA,

    Petitioner,

v.                                                                                No. CV 11-73 WPJ/CG

RAY TERRY,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Tarek Kentia's *Verified Petition for Writ of Habeas Corpus*, ('Petition') (Doc. 1), and Respondent Ray Terry's *Motion to Dismiss Petition Without Prejudice* ('Motion') (Doc. 8). Respondent submits that Mr. Kentia's Petition is moot because Mr. Kentia has been released from custody and removed to Morocco. (Doc. 8 at 1). Respondent has sent a copy of the Motion to Petitioner's last known address. (*Id*. at 3). Petitioner has not filed a response.

This Court has jurisdiction over the Petition because Petitioner was confined in New Mexico when he filed the Petition. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004); *United States v. Scott*, 803 F.2d 1095, 1096 (10th Cir. 1986) ("A § 2241 petition for a writ of habeas corpus must be addressed to the federal district court in the district where the prisoner is confined."). Since that time, Petitioner has been released from custody, and the petition is now moot. *See Riley v. INS*, 310 F.3d 1253, 1257 (10th Cir. 2002). As the Court stated in *Riley*:

> [T]hat Appellant is no longer in custody does not automatically moot Appellant's petition because he was in custody at the time of filing . . . . Our inquiry then becomes whether Appellant meets one of the exceptions to the mootness doctrine . . . . [e.g.,] the defendant voluntarily ceases an allegedly

    illegal practice but is free to resume it at any time . . . . We are somewhat concerned about the circumstances surrounding Appellant's release and the potential for the INS to resume Appellant's detention. However, while arguably the narrow exception of voluntary cessation may be applicable, the record provides inadequate development and support of this issue. Therefore, based on the record in front of us, we hold that Appellant's release from detention moots his challenge to the legality of his extended detention.

*Id.* (internal citations omitted). The Court will therefore recommend that Mr. Kentia's Petition be dismissed without prejudice.

    **THE COURT RECOMMENDS** that Respondent's *Motion to Dismiss Petition Without Prejudice,* (Doc. 8), be **GRANTED**, and that Petitioner's *Verified Petition for Writ of Habeas Corpus*, (Doc. 1), be **DISMISSED WITHOUT PREJUDICE**.

    **THE COURT FURTHER RECOMMENDS** that Petitioner's *Motion for Appointment of Counsel Pursuant to 18 U.S.C. § 3006A*, (Doc. 3) be **DENIED AS MOOT**.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

---

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE